# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

Jolynn R. Oskey,

        Plaintiff,

        v.                               Case No. 1:13-CV-290-JVB-RBC

Carolyn W. Colvin,
Acting Commissioner of
Social Security Administration,

        Defendant.

## OPINION AND ORDER

        Plaintiff Jolynn Oskey seeks judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security, denying her applications for Disability Insurance Benefits and Period of Disability under the Social Security Act. Oskey claims that the Administrative Law Judge should have found her unable to perform any past relevant work. The Court GRANTS Oskey's request for remand to the agency because the ALJ's decision cannot be supported by substantial evidence where she failed to develop a full and fair record.

## A.      Procedural History

        Oskey applied for disability benefits in July 2010, initially alleging that she became disabled July 31, 2009. (R. 145–47.) Her application was denied first in October 2010, and again in December 2010. (R. 98–101, 103–05.) She requested an administrative law judge hearing, and appeared before ALJ Warnecke Miller on October 21, 2011. (R. 106, 32.) Oskey represented herself, and ALJ Miller obtained Oskey's (un-contested) waiver of representation. (R. 34–37.) At

the hearing, she amended her disability on-set date to July 31, 2010. (R. 17, 46.) Oskey's mother-in-law and vocational expert ("VE") Marie Kieffer also testified. (R. 32.) The ALJ issued a decision on March 5, 2012, concluding that Oskey was still able to work as a teacher's aide, and for that reason denied her benefits. (R. 27.) The Appeals Council denied review on July 30, 2013. (R. 1.)

Oskey filed her Complaint [DE 1] on October 3, 2013, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**B.     Facts**

**(1)     *Oskey's Background and Testimony***

Oskey was 55 years old at the time she alleges she became disabled. (R. 145.) At the hearing, Oskey testified that she completed her GED when she was 40 years old; she received training for a security guard position in 1988, but she had no other classes or special training. (R. 45.) The ALJ asked Oskey about her past job as an in-school suspension supervisor and read a job description Oskey provided to SSA. (R. 48–49.) The ALJ's description included: monitoring students who were suspended from regular classes but not sent home; collecting homework; collecting new assignments from teachers; getting lunches for the students; assisting students with their assignments; sitting between five and six hours; and standing and walking about two to three hours. (R. 48–49.) Oskey said this description was correct, and stated that this was a full-time position during the school year. (R. 49.)  During the VE's testimony Oskey provided further clarification that she worked in this position for two school years, and that she could decide when she stood and walked around the "little room" while supervising students. (R. 91–92.)

**(2)**    *Vocational Expert Testimony*

The VE was present during the course of the hearing, and she added two titles to Oskey's work history based on Oskey's testimony. (R. 75–77.) The VE described both titles; one of them was "Teacher Aide," a skilled position requiring one to two years of experience, described as light work in the *Dictionary of Occupational Titles* ("*D.O.T.*"), and sedentary work as performed by Oskey.[1] (R. 77.) The VE testified that Oskey had worked in the position long enough to reach the requisite experience level. (R. 82.) The ALJ proceeded to pose four hypotheticals to the VE.

For the first hypothetical, the ALJ included the following limitations: the individual could occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand or walk for six hours out of an eight hour day; sit for six hours out of an eight hour day; occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; and could not engage in fast-paced work, restricting her to a pace limited to goal-oriented standards and not production-pace rate. (R. 82.) The VE testified that the individual could not perform any past relevant work, and the ALJ questioned the VE about how these restrictions affected each of Oskey's past positions. (R. 83–85.)

The VE stated that the pace restriction eliminated the Teacher Aide position, and the ALJ clarified that the pace restriction meant the individual could not work in a factory-type job but could complete a set number of items or maintain a set of standards over the course of a workday. (R. 85–86.) In light of the ALJ's clarification, the VE testified that Oskey's Teacher Aide position was more goal-oriented and could be performed because of the one-on-one

---

[1]    The vocational expert ("VE") testified to Teacher's Aide, *D.O.T.* # 099.327-010. This position is specifically titled "Teacher Aide I" as opposed to "Teacher Aide II", *D.O.T.* # 249.367-074. The Court notes this distinction because Teacher Aide I's alternate title is Teacher Assistant, and the duties only include instructional tasks. Teacher Aide II, on the other hand, is also known as Teacher Aide, Clerical, and includes duties to assist teaching staff including: maintaining order within school and operating duplicating equipment.

interactions with students. (R. 86–87.) The VE specified that, as Oskey described her experience she could move at each student's pace; and the VE also testified that the hypothetical was in line with the exertion levels from the *D.O.T.* (light) and as-performed by Oskey (sedentary). (R. 87.)

For hypothetical two the ALJ added a limitation that the individual could not tolerate sudden or unpredictable workplace changes, and the VE testified that this did not impact the individual's ability to work as a Teacher Aide. (R. 88.) Hypothetical three limited the individual to lifting and carrying only 10 pounds occasionally and 5 pounds frequently; and standing or walking for only two hours in an eight hour work day. (R. 88.) The VE said that such individuals could not work as a Teacher Aide as described in the *D.O.T.*, but they could work as a Teacher Aides as actually performed by Oskey. (R. 88.) For the fourth hypothetical, the ALJ added a limitation that the individual was unable to understand, remember, or carry out detailed instructions, and the VE stated that no past relevant work could be performed. (R. 89.)

The ALJ did not ask, and the VE did not testify about, the number of Teacher Aide positions available in the national economy.

**(3)** *ALJ's Decision*

The ALJ found that Oskey had a number of severe impairments, but that no impairment or combination of impairments met or equaled a listing in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (R. 20–21.) The ALJ stated that Oskey's depression and anxiety were severe impairments, but neither one met the criteria for Listing 12.04 or 12.06. (R. 20–21.) The ALJ performed the "special technique" for evaluating mental impairments, and found that Oskey had a mild restriction in her activities of daily living; mild difficulties in social functioning; moderate difficulties with maintaining concentration, persistence or pace; and no episodes of

decompensation. (R. 21–22.) The ALJ attributed Oskey with the following residual functional capacity ("RFC"):

> [T]he [RFC] to perform light work as defined in 20 CFR 404.1567(b) except that she can never climb ladders, ropes, or scaffolds; can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch and/or crawl; must avoid exposure to extreme cold and heat and outdoor work due to temperature extremes. Due to moderate difficulty with pace, claimant cannot tolerate sudden or unpredictable work place changes; and has a pace that is limited to goal-oriented rather than production-pace work (*i.e.*, no fast pace). (R. 22.)

The ALJ found at step four that Oskey could perform her past relevant work of "teacher's aide." (R. 26.) The ALJ cited the VE's testimony that an individual with Oskey's RFC could perform the job as described in the *D.O.T.*, and that even if the individual could only work at the sedentary level she could still perform the job as Oskey described it. (R. 26.) Therefore, the ALJ concluded that Oskey was not disabled, and denied her claim for benefits. (R. 27.)

## C.    Standard of Review

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court,

we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**D.      Disability Standard**

To qualify for disability insurance benefits, the claimant must establish that she suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration ("SSA") established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) [she] is not presently employed; (2) [her] impairment is severe; (3) [her] impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) [she] is not able to perform [her] past relevant work; and (5) [she] is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**E.      Analysis**

Because she is over the age of fifty-five, Plaintiff is a woman of "advanced age" under the regulations. 20 C.F.R. § 404.1563(e). The ALJ limited Plaintiff to a restricted version of light

work, and that limitation combined with her age means that she must already possess skills that she can use in a new job in order to do any other work at step five. 20 C.F.R. § 404.1568(d)(4). *See Smith v. Barnhart*, 388 F.3d 251, 253 (7th Cir. 2004). However, transferrable skills are not at issue when an ALJ finds that a claimant can still perform past work. 20 C.F.R. § 404.1520(f).

Plaintiff presents two arguments: (1) at step four, the ALJ should not have considered Plaintiff's past job at a school as a Teacher Aide position as found in the *D.O.T.*, but rather a "composite job"; and (2) the residual functional capacity ("RFC") was not supported by substantial evidence. Remand is required because the ALJ failed to develop a full and fair record of Oskey's prior work history. Therefore, only the first claim is fully addressed.

**(1)**     ***Plaintiff's past work as in-school suspension supervisor may be a composite job***

Plaintiff asserts that her past work as an in-school suspension supervisor was a composite job. She reasons that office duties require fast-paced work, as opposed to the goal-oriented tasks restriction contained in the RFC. (R. 22, 222.) Had the ALJ told the VE about those office duties, the VE would have testified that the prior work was a composite job; and, that Plaintiff was unable to perform the job because the pace restriction prevents her from performing the office duties. As the Teacher Aide position was the only past relevant work the VE testified an individual with Plaintiff's RFC was able to perform, that would eliminate all of her past work.

The Commissioner, on the other hand, points out that Plaintiff cites no evidence or authority that office duties are fast-paced rather than goal-oriented. While those duties may have significantly exceeded the duties generally required of a Teacher Aide, a claimant is not disabled if she can perform past relevant work either as actually performed or as it is generally required in

the national economy. And, the ALJ properly found that Plaintiff could work as a Teacher Aide, as it is generally performed in the national economy.

In her reply, Plaintiff asserts that the Commissioner missed the crux of her argument: that she worked in a composite job and not as a Teacher Aide with extra duties.

The SSA's regulations provide that "past relevant work" is based on the type of job, not the duties imposed by individual employers. 20 C.F.R. § 404.1560(b)(2); *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013). There is a difference between extra duties and a "composite job." A composite job has significant elements of two or more occupations, and cannot be found in the *D.O.T.* SSR 82-61, 1982 WL 31387 at *2 (1982). A claimant in a non-composite job may have been required to perform duties "significantly in excess" of those required by most employers, and her limitations may prevent performing those excess duties. *Id.* In that case, if the claimant can still perform the duties required by most employers, she should be found "not disabled" because she is able to perform past relevant work, just not exactly as she performed it. *Id.*

Several district courts have held that "where it is clear that a claimant's past employment was a 'composite job,' an [ALJ] may not find a claimant capable of performing her past relevant work on the basis that she can meet *some* of the demands of her previous position, but not *all* of them." *Peterson v. Astrue*, No. 1:09-CV-209-RBC, 2010 WL 3219293, at *7 (N.D. Ind. Aug. 12, 2010) (quoting *Austin v. Astrue*, No. 2:09-CV-1096-SRW, 2010 WL 2868217, at *10 (M.D. Ala. July 19, 2010) (other internal citations omitted)). That is to say, at step four of the sequential analysis an ALJ cannot subtract the duties of one constituent job from the composite job and find that a claimant is capable of performing the remaining constituent job.[2] *See Trammell v. Colvin*, No. 12 CV 6780, 2014 WL 1227565, at *8 (N.D. Ill. Mar. 25, 2014).

---

[2]     The remaining constituent job in that case may be "other available work" the claimant could perform at step five of the sequential analysis.

In *Peterson*, it was undisputed that the claimant had worked in a composite job. *Peterson v. Astrue*, 2010 WL 3219293, at \*6. However, in this case it is not clear whether Plaintiff's role as in-school suspension supervisor was a composite job partially because the ALJ missed Plaintiff's description that she did office work one or two days per week when no students were serving in-school suspensions. (R. 48–49, 222.) From the Court's reading of the hearing transcript, the VE also missed the office duties Plaintiff previously described to the agency. (R. 76–77.)

The ALJ "has a duty to develop a full and fair record" that is enhanced when the claimant appears at the ALJ hearing without counsel. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). However, courts normally will not find that the ALJ failed to assist a *pro se* claimant in developing a full record without a significant omission. *Id.* "[A]n omission is significant only if it is prejudicial." *Id.* And the claimant "must set forth specific, relevant facts . . . that the ALJ did not consider." *Id.*

The record wasn't fairly developed because the ALJ omitted potentially probative evidence that the VE relied on for the purposes of classifying a prior job. Plaintiff did not help her case when she said that the ALJ's description was correct, and by not mentioning the office duties at any point of her testimony. (R. 49, 91–92.) This is not to say that Plaintiff's testimony conflicted with her earlier report, just that she missed the opportunity to correct the ALJ's reading of the record and fully inform the VE. But, this should not be held against her because she was unrepresented by counsel at the ALJ hearing, and the duty to develop a fair record was on the ALJ.

The ALJ's decision is not based on substantial evidence where the ALJ failed to give the VE the full description of the past job as performed by Plaintiff, and the ALJ relied on the VE's

*D.O.T.* classification of the past work. To illustrate, if the ALJ had included the office work in the description spoken at the hearing, the VE may have stated that the prior work did *not* fit within the *D.O.T.* description of Teacher Aide and that it was a composite job. If Plaintiff worked a composite job, then the ALJ could not parse out the student supervising duties as past relevant work and ignore the duties of the other constituent job. *See Peterson*, 2010 WL 3219293, at *6.

The SSR recommends that composite job cases be evaluated "according to the particular facts of each individual case." *Id.* In *Smith v. Barnhart*, the Seventh Circuit concluded that "[p]icking out the line in an individual case is of course a task for the agency." 388 F.3d at 253. On remand, a VE could very well testify that the office duties Plaintiff performed exceeded those typically required of Teacher Aides by schools across the country, but were not a significant element rendering the position a composite job. Then the ALJ could rely on the VE's testimony. However, the ALJ did not tell the VE about those duties, and the Court will not draw the line between composite and non-composite jobs.

In summary, failing to provide the VE with Plaintiff's entire description of her past work requires remand in this case. The VE did not otherwise access the form the ALJ read into the record, the VE classified the past job under a *D.O.T.* title solely on the ALJ's description and Plaintiff's testimony, and Plaintiff was unrepresented by counsel at the hearing. If Plaintiff could not perform this job, she would be unable to do any past relevant work, and the burden would shift to the Commissioner at step five. The Commissioner has not presented enough evidence for the Court to affirm the decision on the ground of harmless error.

**(2)**     *RFC restrictions for mental impairments*

Oskey claims that the proper evaluation of her mental impairments would have prevented the ALJ from finding that she was able to perform her past relevant work of Teacher Aide. Because this case is being remanded on the question of whether Oskey's prior job was a composite job the Court advises the agency to reconsider Oskey's mental limitations in light of any changes made regarding her work history.

**F.     Conclusion**

For the reasons discussed above, Plaintiff's Motion is GRANTED, and the case is REMANDED to the Social Security Agency.

SO ORDERED on February 12, 2015.

  _S/ Joseph S. Van Bokkelen_____
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE